IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION



| | | |
|---|---|---|
| MARCUS E. ADAMS JR | § | |
| Vs. | § | CIVIL ACTION NO. 2:19cv00058 |
| CITY OF TAFT, TEXAS; and | § | JURY TRIAL DEMAND |
| JOHN CORNISH, *individually* | § | |
| TIMOTHY BONOVITCH, *individually* | § | |

## PLAINTIFFS FIRST AMENDED ORIGINAL COMPLAINT

### TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Marcus E. Adams, filing this original complaint, bringing this action against the City of Taft, Texas, and John Cornish and Timothy Bonovitch individually, as said Defendants have denied Plaintiff his rights as guaranteed by the Constitution and laws of the United States of America and/ or the State of Texas.

### JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(3) (civil rights). This court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the state claims that will be set forth in this complaint. Venue is proper in the Southern District of Texas, Corpus Christi Division, as this is the district where the claim arose in accordance to U.S.C. § 1391(b).

## PARTIES

2. Plaintiff Marcus E. Adams (hereinafter "Marcus E. Adams") is a resident of Taft Texas, San Patricio County, Texas.

3. Defendant City of Taft, Texas, (hereinafter "City") is a political subdivision of the State of Texas.

4. Defendants John Cornish and Timothy Bonovitch was at all times material to this suit, officers employed by the Taft police Department. Each of the acts complained of herein arises from the conduct of Defendants while acting under color of state law, and were committed during their employment and authority with the Taft police Department. Defendants may be served with citations at their place of employment, the Taft police Department, 501 Green Ave, Taft, Texas 78390.

## FACTS

5. Whenever, in this complaint it is alleged that any Defendants and/or persons employed by Defendant did any act, thing, and/or omission, it is meant that Defendant and/or Defendants officers, agents, servants, employees or representatives did such act, thing and/or omission and that at that time it was done with full authorization and/or ratification of Defendant.

6. On or about September 06, 2018 @ 1738 Marcus Adams was located at the Taft police Department when officers John Cornish and Timothy Bonovitch arrived in their governmental S.U.V. Adams exited his vehicle and approached the SUV on the driver's side (front). Adams then asked John Cornish who exited on the passenger's side (front) why did he get Anita Adams, ("wife") terminated from her employment? Before officer Cornish could answer, Adams then raised his shirt and stated that he was not recording any audio or video. Officer Cornish then stated that he had nothing to do with Anita Adams being

terminated from her job. Adams, asked again, are you sure you didn't have her fired and/or have someone such as the City of Taft manager ("Denise L Hitt") to have her fired? Officer Cornish stated that all he did was tell his city manager that Anita Adams called her a convicted felon. Adams called him a liar and threatened to file suit if Adams found out he did. Officer Cornish, and officer Bonovitch proceeded to walk inside as another officer approached and asked officer Cornish did, they want him to deal with this, Officer Cornish stated that its already been dealt with and laughed. Adams yelled while on his way back to his vehicle that he was in fact going to contact his attorney Chris Gale.

7. Early in the morning of the next day, on September 07 2018 officers knocked at Adams door around 0330 or 0400 hrs. They had an arrest warrant, and a search warrant. Only three officers entered Adams home and handcuffed Marcus and Anita Adams and sat them down at the dinning room table while they executed the search warrant. After completing the search warrant at around 0500 hrs. Officer Bonovitch, Adams believes uncuffed he and his wife, left a copy of the search warrant, and took their D.V.R and every file that Adams had on the City of Taft. The next day Adams called everyone he could think of including but not limited to the District Attorneys Office.

8. On or about September 14, 2018 @ 1330 a Taft citizen knocked on Adams door only to tell him that he was going to blow his house up. As he got on his tractor, he stated that he's glad that Denise told him where Adams stays, because this town has no room for Chicago niggers, and pulled off. Adams then summoned the San Patricio County sheriff's Office to file an offense report only to learn that he still had a warrant for his arrest. Adams and his wife were confused because, Taft police, (Officer Cornish and Officer Bonovitch) saw him daily up to the arrest after searching his home. Adams asked the Sheriffs Deputy's "why didn't they

arrest me when they in fact searched my home"? Adams also asked the Sheriffs Deputy's to please take his back brace with them as evidence since, the Taft police Department failed to do so. Adams was told by the deputy that they could not take anything. Adams told every officer that corruption was going on and he would expose everything he could about his arrest against the advice of counsel. Adams was handcuffed again and taken to the San Patricio County jail and the bond amount was set at 60,000.

## FIRST CLAIM FOR RELIEF--§1983

9.  **Section 1983.** The Civil Rights Act of 1987 (Ku Klux Klan Act), now codified as U.S.C. § 1983 as federal law provides: "every person who, , under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. 1983.

10. The state action requirement for standing under 42 U.S.C. 1983 has more commonly been referred to as "color of state law," from the statute itself. Mr. Adams is informed and believes, and thereupon alleges that in committing said acts and/or omissions, each Defendant was the agent and employee of each other Defendant and was acting within such agency and employment and that each Defendant was acting under color of state law.

11. 42 U.S.C. 1983 requires that the conduct complained of must have deprived the person of some privilege or immunity secured by the Constitution or laws of the United States. As such, Mr. Adams alleges that Defendants, jointly and/or severally deprived him of his Fourth

Amendment rights and those rights, privileges, and immunities secured by the Fourth and/or Fifth Amendments to the Constitution incorporated and applied to the states through the Fourteenth Amendment.

*Defendants violated this provision by the following actions, inter alia, and/or omissions:*

a) by detaining Mr. Adams in violation of his Fourth Amendment expectation of privacy and guarantee to security from unreasonable search and seizure without reasonable suspicion and/or probable cause; and

b) by retaliating against Mr. Adams for expressing complaints and protected by the First Amendment to the U.S. Constitution.

12. The Fourth Amendment guarantees security from unreasonable search and seizure. It includes the expectation of privacy, the right to be free from arrests without probable cause to believe the arrested person committed a crime. Accordingly, Mr. Adams alleges that he was subjected to an unreasonable search and seizure, had his expectation of privacy violated, and was detained without reasonable suspicion and/or probable cause,

13. **1983 - Search & Seizure**. Furthermore, when a person, such as Plaintiff is seized and is not a "suspect" and has committed no crime, but is forced to undergo police escalation and continued harassment, the importance of the governmental interests alleged to justify the intrusion is necessarily diminished. As such, the actions and/or omissions of said officers cannot be justified under the circumstances of the instant case.

14. **1983 - Municipal liability**. It is also well-established that municipalities are liable under 42 U.S.C. 1983 for constitutional torts that are in compliance with the municipality's customs, practices, policies or procedures. A municipality is liable for constitutional deprivations visited pursuant to governmental custom even though such custom has not received formal

approval through the body's official decision-making channels. In this case, the City of Taft is liable because it sanctioned the custom, practice and/or policy or procedure of illegal searches, illegal seizures and/or violating their rights to be free of unwanted search and seizure. Defendants' actions were a customary practice and/or policy or procedure that was sanctioned by the City of Taft out of which deprived Plaintiff of his civil rights by statute and by both the Texas and United States Constitutions. Liability for the City of Taft is established under S 1983 because the violations, with little or no justification, and/or to overstep the bounds of search and seizures is a persistent, widespread practice of city/county employees -- namely police officers -- that, although not authorized by officially adopted policy, is so common and well settled as to constitute a custom that fairly represents official municipal policy. The City of Taft has actual or constructive knowledge of this practice, custom, and/or policy or procedure and sufficiently numerous prior incidents of Officer Bonovitch and Officer John Cornish harassment establishes custom and accession to that custom by the City's policy makers. The City of Taft's unspoken policy of harassing its citizens is a decision that reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory rights will follow the decision. In the alternative, the City of Taft is liable under 1983 for failure to adopt a policy precluding officers from violating citizens' rights because such failure to adopt such a policy is one of intentional choice.

15. Moreover, the City of Taft is liable for inadequate training of police officers under §1983. Liability attaches to the City of Taft because the City's failure to train amounts to deliberate indifference to the rights of the persons with whom the police come in contact. In particular, Plaintiff alleges that the training program in relation to the tasks the particular officer must perform is inadequate in the respect that the program fails to teach the parameters of searches and seizures as they pertain to the violation of citizens' constitutional rights. As such, the deficiency in training actually caused Defendants to violate Plaintiff's constitutional rights.

16. **\*1983 - False Arrest and/or False Imprisonment**: Plaintiff further alleges that Defendants, jointly and/or severally, have violated his Fourth Amendment rights when he was falsely detained. Plaintiff pleads a {1983 claim for false imprisonment under the Fourth amendment. Officer Bonovitch did not have probable cause to detain Plaintiff because the facts and circumstances within his knowledge was not reasonably sufficient to warrant a prudent officer to believe that he had committed or was committing an offense. On an objective basis, it is obvious that no reasonably competent officer would have concluded that a mere conversation warranted Plaintiffs detainment.

17. At all pertinent times, Defendant City authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

## SECOND CLAIM FOR RELIEF -- Texas -- False Arrest and False Imprisonment

18. The claims brought by Plaintiff under this section only apply to Bonovitch and Cornish in his individual capacity. Any reference to "Defendant(s)" in this section only applies to Bonovitch and Cornish and does not include Defendants City. Furthermore, said claims are brought in the alternative should it be found that Bonovitch and Cornish was not working within his capacity as a law enforcement officer.

19. As a pendent state cause of action, at all times material and relevant herein, Bonovitch and Cornish, by acts and/or omissions and under color of state law, willfully detained Plaintiff without the consent of him and without authority of law. Plaintiff pleads false imprisonment as Bonovitch had the intent to confine him, and carried out the intent by putting Plaintiff in a position so that he could not move, let alone leave. Said confinement resulted in harmful detention, without consent, and without authority of law.

## Title 18, U.S.C., Section 241 - Conspiracy Against Rights

20. This statute makes it unlawful for two or more persons to conspire to injure, oppress, threaten, or intimidate any person of any state, territory or district in the free exercise or enjoyment of any right or privilege secured to him/her by the Constitution or the laws of the United States, (or because of his/her having exercised the same).

## Title 18, U.S.C., Section 242 - Deprivation of Rights Under Color of Law

21. This statute makes it a crime for any person acting under color of law, statute, ordinance, regulation, or custom to willfully deprive or cause to be deprived from any person those rights, privileges, or immunities secured or protected by the Constitution and laws of the U.S.

22. This law further prohibits a person acting under color of law, statute, ordinance, regulation or custom to willfully subject or cause to be subjected any person to different punishments, pains, or penalties, than those prescribed for punishment of citizens on account of such person being an alien or by reason of his/her color or race.

23. Acts under "color of any law" include acts not only done by federal, state, or local officials within the bounds or limits of their lawful authority, but also acts done without and beyond the bounds of their lawful authority; provided that, in order for unlawful acts of any official to be done under "color of any law," the unlawful acts must be done while such official is purporting or pretending to act in the performance of his/her official duties. This definition includes, in addition to law enforcement officials, individuals such as Mayors, Council persons, Judges, Nursing Home Proprietors, Security Guards, etc., persons who are bound by laws, statutes ordinances, or customs.

24. Punishment varies from a fine or imprisonment of up to one year, or both, and if bodily injury results or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined or imprisoned up to ten years or both, and if death results, or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt

9

to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.

## Title 42, U.S.C., Section 14141 - Pattern and Practice

25. This civil statute was a provision within the Crime Control Act of 1994 and makes it unlawful for any governmental authority, or agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

26. Whenever the Attorney General has reasonable cause to believe that a violation has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

27. Types of misconduct covered include, among other things:

a) Excessive Force

b) Discriminatory Harassment

c) False Arrest

d) Unlawful stops, searches or Arrest

## THIRD CLAIM FOR RELIEF - - Texas - - Intentional Infliction of Emotional Duress

**28.** The claims brought by Plaintiff under this section only apply to Bonovitch and Cornish in their individual capacity. Any reference to "Defendant(s)" in this section only applies to Bonovitch and Cornish and does not include Defendants City. Furthermore, said claims are brought in the alternative should it be found that Bonovitch and Cornish was not working within his capacity as a law enforcement officer.

**29.** As a pendent state cause of action, at all times material and relevant herein, Bonovitch and Cornish, by acts and/or omissions and under color of state law, intentionally and/or recklessly inflicted emotional duress upon Mr. Adams, thereby he claims the tort of intentional infliction of emotional distress. Mr. Adams alleges that Bonovitch and Cornish acted intentionally and/or recklessly when detaining/seizing him and further alleges that such conduct was extreme and outrageous. The actions of Bonovitch and Cornish caused Mr. Adams to suffer emotional distress; and the emotional distress suffered by him was so severe that it required treatment -- no reasonable person should be expected to endure such.

## DAMAGES

**30.** As a result of the foregoing unlawful and wrongful acts of Defendants, jointly and severally, Mr. Adams has been caused to suffer general damages which include but are not limited to the following: both physical and emotional injury, including but not limited to - - pain and suffering, emotional and mental distress, and personal humiliation and shock.

**31.** Said injuries have caused Mr. Adams to incur special damages.

**32.** Pursuant to the Civil Rights Award Act, 42 U.S.C. 1988, a prevailing party in a S 1983 case is entitled to recover his costs and fees. Hence, Mr. Adams further prays for all costs and fees associated with bringing the present case to trial.

**33.** In addition, Mr. Adams prays for punitive damages against Bonovitch and Cornish. Punitive damages are designed to punish and deter persons such as Defendant who has engaged in egregious wrongdoing. Punitive damages may be assessed under 1983 when a Defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally-protected rights of others. While municipal defendants are absolutely immune from 1983 awards of punitive damages, such damages may be awarded against a public employee or official in their capacity. Therefore, Mr. Adams alleges and prays for punitive damages against Bonovitch and Cornish, as such Defendant actually knew that his conduct was unconstitutional, and/or was callously indifferent to its legality.

**WHEREFORE PREMISES CONSIDERED, Mr. Adams** prays that upon trial of the merits, he recovers compensatory damages against Defendants, jointly and severally; that Mr. Adams also recovers punitive damages against the individual Defendants in an amount of $254.000.00 to punish and/or deter and to make an example of those Defendants in order to prevent similar future conduct; and that Mr. Adams recover against each Defendant all reasonable and necessary attorneys fees, court costs and expenses in regards to the present suit in litigation. Moreover, Mr. Adams prays for all pre-judgement and post judgement interest that can be assessed against the Defendants in the event of recover; and that Mr. Adams recover against each Defendant any and all other general or specific relief to which he proves himself justly entitled.

Respectfully Submitted,

*signature*

adamscarpet@cableone.net

Marcus E. Adams Jr Pro se.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of these Documents has been forwarded acceptable by law to the Defendant in accordance with Federal Rules of Civil Procedure on This 19th day of April 2019

**McKIBBEN, MARTINEZ, JARVIS & WOOD, L.L.P.**
555 N. Carancahua, Ste. 1100
Corpus Christi, Texas 78401-0841
Telephone: 361-882-6611
Fax: 361-883-8353

*signature*

adamscarpet@cableone.net
Marcus E Adams Jr. Pro Se
C 361.815.6725
O 361.815.8724

U.S. POSTAGE PAID
FCM LG ENV
TAFT, TX
78390
APR 19, 19
AMOUNT
**$1.60**
R2305H130167-08

78401

1000

CLERK, U.S. DISTRICT COURT
RECEIVED
APR 22 2019
SOUTHERN DIST OF TEXAS
CORPUS CHRISTI

TO:
U.S. Court House
1133 N Shoreline Blvd
Corpus Christi, TX 78401

FROM:
M Adams
614 San Patricio
Taft, TX 78390